STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTINE THOMAS, an individual, | ) | Case No. 10-cv-415 MMA (JMA) |
| | ) | |
| Plaintiff, | ) | **[PROPOSED] STIPULATED** |
| | ) | **PROTECTIVE ORDER** |
| v. | ) | **GOVERNING THE DESIGNATION** |
| | ) | **AND HANDLING OF** |
| CHASE BANK USA, N.A., a | ) | **CONFIDENTIAL DOCUMENTS** |
| corporation, | ) | **AND INFORMATION** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Plaintiff Christine Thomas ("Plaintiff") and defendant Chase Bank USA, N.A. ("Defendant") (together, the "Parties") hereby agree to the following Stipulated Protective Order Governing the Designation and Handling of Confidential Documents and Information and request that the Court enter this Stipulation as an Order of the Court ("Stipulated Protective Order" or "Order"):

## 1.   **PURPOSES AND LIMITATIONS**

The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the information or items that are entitled under applicable legal principles to treatment as confidential.  The Parties further acknowledge, as set forth in Section 9 below, that this Stipulated Protective Order creates no entitlement to file Confidential Material, as defined below, under seal.

## 2.   **DEFINITIONS**

2.1   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts and outside counsel (and their support staff).

2.2   <u>Material</u>:  all items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, videos or tangible things) that are produced or generated in connection with this case.

2.3   <u>"Confidential Material"</u>:  means Material that is designated as "Confidential – Subject to Protective Order" in accordance with this Order and protected from disclosure under the terms of this Order.  Confidential Material is material that a party reasonably and in good faith believes contains or discloses confidential, non-public, proprietary and/or sensitive information such as financial data, proprietary information, competitively sensitive nonpublic commercial information, information involving a legitimate privacy interest and other competitively sensitive information that is of a nonpublic nature that was created, received and/or maintained on a confidential basis, including but not limited to: (a)

- 1 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51364410v2

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  personal and financial information of Plaintiff or any other individual; (b) sensitive

2  customer information such as mailing address, account number and account

3  information; and (c) any other information the Producing Party believes is

4  sufficiently sensitive that disclosure would reveal business, competitive, proprietary

5  or financial information of the Producing Party.

6      2.4    <u>Receiving Party</u>:  a Party that receives Material in connection with this

7  case.

8      2.5    <u>Producing Party</u>:  a Party or non-party that produces Material in

9  connection with this case.

10     2.6    <u>Designating Party</u>:  a Party or non-party that designates Material as

11  "Confidential – Subject to Protective Order" in connection with this case.

12     2.7    <u>Privileged Material</u>:  Material protected by any privilege, including but

13  not limited to the attorney-client privilege, the attorney work product doctrine or any

14  other applicable privilege.

15     2.8    <u>Counsel:</u> outside counsel and in-house counsel (as well as their support

16  staffs).

17     2.9    <u>Expert</u>:  a person with specialized knowledge or experience in a matter

18  pertinent to this case who has been retained by a Party or its Counsel to serve as an

19  expert witness or as a consultant in this case.  This definition includes a professional

20  jury or trial consultant retained in connection with this litigation.

21     2.10   <u>Professional Vendors</u>:  persons or entities that provide litigation support

22  services to the Parties (e.g., photocopy; videotaping; translating; preparing exhibits

23  or demonstrations; organizing, storing, retrieving data in any form or medium; etc.)

24  and their employees and subcontractors.

25  **3.    SCOPE AND DURATION**

26     3.1    <u>Scope</u>.  The protections conferred by this Order cover not only

27  Confidential Material, but also any information copied or extracted therefrom, as

28  well as all copies, excerpts or compilations thereof, plus testimony, conversations or

- 2 -

presentations by parties or counsel to or in court or in other settings that might reveal Confidential Material.

3.2    Duration.  The confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

## 4.    DESIGNATING CONFIDENTIAL MATERIAL

4.1    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 4.1(a), Section 4(b) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order shall be so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (apart from transcripts of depositions or other proceedings before the Magistrate Judge), that the Producing Party affix the legend "Confidential – Subject to Protective Order" on each page of Material that the Producing Party wants to subject to the protections of this Order.

A Receiving Party may designate Material produced by a non-party Producing Party as Confidential if the Material contains information the Receiving Party in good faith believes to be Confidential Material of the Receiving Party by producing a properly designated copy of the Material to all Parties within 21 days after the Material is initially produced by the non-party Producing Party.  All Material produced by non-parties in response to subpoenas in this case shall be treated as Confidential Material during that 21-day period.

(b)    For information produced prior to the entry of this Order, that the Producing Party provide a properly designated copy of the Material to all Parties within 21 days after the Order is entered.  All Material produced prior to the entry of this Order in this case shall be treated as Confidential Material during that 21-day period.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 3 -

(c)    <u>For deposition testimony</u>, a Party may request at the time a question is asked, or at the end of the deposition, that any portion of the deposition transcript be designated Confidential.   A Party may designate any portion of a deposition as "Confidential – Subject to Protective Order" after transcription of the deposition by giving written notice of the designation by page and line number to all counsel of record within thirty (30) days after receipt of the transcript from the court reporter.

(d)    <u>For Material produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the Material is stored the legend "Confidential – Subject to Protective Order."

4.2    <u>Discovery to Non-parties.</u>  The Parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party in this action.  A non-party who produces Material in this case may designate the Material as "Confidential – Subject to Protective Order" in accordance with this Order, and such Material will be protected from disclosure to the same extent as other Confidential Material.

4.3    <u>Failures to Designate.</u>  Failure to designate any Material as Confidential Material shall not be deemed a waiver of the Producing Party's claim of confidentiality as to such Material, and the Producing Party may thereafter designate such information as Confidential Material.  A Designating Party's failure to designate information as "Confidential – Subject to Protective Order" also does not waive a claim of attorney-client privilege or work-product protection, as provided in Federal Rule of Evidence 502(b).

4.4    <u>Inadvertent Production of Privileged Material.</u>  In the event that the Producing Party discovers it has inadvertently produced Privileged Material, the Producing Party may demand return or destruction of all copies of the Privileged Material by providing written notice of the demand to the Party(-ies) to which the

- 4 -

Privileged Material was produced.  A Party receiving the notice shall have 14 calendar days to respond to the demand.  If the Party receiving notice does not agree to the demand within that time, that Party shall provide a written response and available dates to hold a meet and confer session to attempt to resolve the parties' dispute.  If, following the meet and confer session, the Party(-ies) receiving the Privileged Material agrees to destroy or return it to the Producing Party, it shall do so no later than 7 days thereafter.  Any Party receiving a demand to return Privileged Material shall segregate the Privileged Material and any materials derived from the Privileged Material, and shall not use or disclose them unless and until the Producing Party either agrees to withdraw its demand for the return or destruction of the Material after the meet and confer session or fails to ensure that the procedures set forth in Magistrate Judge Adler's Chambers Rules regarding discovery disputes are followed in a timely manner or the Court issues a ruling against the Producing Party.[1] This section is not intended to and does not supersede applicable law concerning issues relating to privilege and/or waiver of privilege.

## 5.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1   <u>Objection to Designation</u>.  A Party may object to the designation of particular Confidential Material by giving written notice to the Designating Party. The written notice shall identify the information to which the objection is made, and explain the basis for the belief that the confidentiality designation was not proper The Party objecting to designation agrees to meet and confer by telephone within 14 calendar days after notice is received and to give the Designating Party an opportunity to review the designated material, to reconsider the circumstances and, if no change in designation is offered, to explain the basis for the chosen designation.

5.2   <u>Failure to Resolve Objection Through Meet and Confer</u>.  If the Parties cannot resolve the objection through the meet and confer process, the parties shall

---

[1] All discovery motions shall be filed in accordance with the procedures set forth in Magistrate Judge Adler's Chambers Rules.

[PROPOSED] STIPULATED PROTECTIVE ORDER

LA 51364410v2

follow the procedures set forth in Magistrate Judge Adler's Chambers Rules regarding discovery disputes.  The disputed information shall be treated as Confidential under the terms of this Stipulated Protective Order until there is a final determination of any motion.  In connection with any motion filed under this section, the Designating Party shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

## 6.   ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

6.1   Basic Principles.  A Receiving Party may use Confidential Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending or attempting to settle this action.  Such Confidential Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.

6.2   Disclosure of Confidential Material.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Confidential Material to:

(a)   Counsel for any Party, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information in connection with this action and Professional Vendors who are reasonably necessary for the processing of the Confidential Material, so long as they do not maintain their own copies of the Confidential Material.

(b)   the officers, directors and employees of any Party to whom disclosure is reasonably necessary in connection with this action;

(c)   Experts to whom disclosure is reasonably necessary in connection with this action and who have signed the "Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

(d)   the Court and its personnel;

(e)   court reporters, their staffs and Professional Vendors of such reporters to whom disclosure is reasonably necessary in connection with this action;

- 6 -

LA 51364410v2

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

(f)      during their deposition, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Stipulated Protective Order" (Exhibit A).

6.3    Filing of Confidential Material.  In the event that any Party wishes to use Confidential Material in any affidavits, briefs, memoranda of law, or other papers to be filed in Court in this action, such paper containing Confidential Material shall be enclosed and filed in a sealed envelope or container identifying the enclosed document and bearing the caption of this case and a notice substantially as follows:

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Subject to public policy, and further court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

Notwithstanding the Parties' designation of Confidential Material, any court hearing that refers to or describes Confidential Material may be held in open court with records unsealed unless the Court orders, upon its own motion or upon a Party's request, that the proceedings be conducted in camera, and any transcript relating thereto be designated as Confidential Material.

7.    **CONFIDENTIAL MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of Confidential Material, the Receiving Party must so notify the Designating Party, in writing (by fax and/or email) immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.  Nothing in this

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 7 -

Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burden and expense of seeking protection of its Confidential Material in that court, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena or directive from another court.

**8.** **UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Material, (c) inform the person or person to whom unauthorized disclosures were made of all the terms of this Order and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" that is attached hereto as Exhibit A.

**9.** **FINAL DISPOSITION**

The termination of proceedings in this action shall not relieve any person to whom Confidential Material was disclosed from the obligation of maintaining the confidentiality of such Material in accordance with the provisions of this Order. Within sixty days of final termination of this action, including any appeal, each Party

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 8 -

LA 51364410v2

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  shall return or destroy all items (including copies and summaries of such items)

2  designated as Confidential Material by other Parties. Written verification of

3  destruction shall be given immediately after such destruction.  Notwithstanding this

4  provision, Counsel are entitled to retain a single archival copy of all filed pleadings,

5  even if such material contains Confidential Material, until the statute of limitations

6  runs on any potential claims for professional negligence or malpractice.  Any such

7  archival copies that contain or constitute Confidential Material remain subject to this

8  Order.

9  **10.**   **RESERVATION OF RIGHTS**

10     10.1   <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any

11  person to seek its modification by the Court in the future.

12     10.2   <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this

13  Order, no Party waives any right it otherwise would have to object to disclosing or

14  producing any information or item on any ground not addressed in this Order.

15  Similarly, no Party waives any right to object on any ground to use in evidence of

16  any of the material covered by this Protective Order.

17     10.3   <u>No Waiver</u>. By agreeing to the limited disclosure permitted under this

18  Protective Order, no party waives its claim that Confidential Material is confidential.

19  All parties agree that a disclosure in accordance with this Protective Order does not

20  constitute a waiver of a party's claim or position that the information so disclosed is

21  confidential.

22

23  **IT IS SO ORDERED.**

24

25  Dated: February 18, 2011           _____

26                                     MAGISTRATE JUDGE JAN M. ADLER,
                                       U.S. DISTRICT COURT
27                                     SOUTHERN DISTRICT OF CALIFORNIA

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

LA 51364410v2

Submitted by:

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
LISA M. SIMONETTI
SETH M. GOLDSTEIN


By: _____/s/ Seth M. Goldstein_____
            SETH M. GOLDSTEIN

Attorneys for Defendant
        CHASE BANK USA, N.A.


Submitted by:

LAW OFFICES OF MARK ANKCORN
MARK ANKCORN


By: _____/s/ Mark Ankcorn_____
            MARK ANKCORN

Attorneys for Plaintiff
        CHRISTINE THOMAS

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 10 -

### **EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY
STIPULATED PROTECTIVE ORDER**

I, _____, [type full name] of
_____ [type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of California on [date] in the case of Christine Thomas v. Chase Bank USA, N.A., Case No. 10-cv-415 MMA (JMA).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I agree that I will not disclose in any manner any Confidential Material that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  Unless otherwise noted immediately below, I, as a party, employee of a party, expert, or a person employed by Counsel agree that I shall be deemed to have designated the Counsel who hired or retained me with offices in California, as my California agent for service.

I hereby appoint _____ [type name] of
_____ [type address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed:_____

Print Name:_____

Signature:_____

- 11 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086